FARMER, J.
Defendant was convicted of burglary of a dwelling in violation of section 810.02(l)(3)(b). § 810.02(l)(3)(b), Fla. Stat. (1997). We affirm the conviction. The trial court sentenced defendant to 15 years as both a Prison Releasee Reoffender (PRR) and as a Habitual Felony Offender (HFO). We reverse the PRR sentence.
Section 775.082(8) defines a “Prison re-leasee reoffender” as anyone who commits or attempts to commit, among other enumerated crimes, “burglary of an occupied [e.s.] structure or dwelling” within three years of being released from a state correctional facility. § 775.082(8)(a)l.q. (1997) (“Burglary of an occupied structure or dwelling”). The precise charge against defendant was under section 810.02(3)(b), which specifies that “there is not another person in the dwelling at the time the offender enters or remains.... ” Burglary under section 810.02(3)(b) is not one of the specified predicate crimes for sentencing as a PRR under section 775.082(8)(a)l.q., which specifies that the dwelling or structure be occupied. In other words, it is apparent to us that the PRR statute as then drafted limits the enhanced sentencing as a PRR to those burglaries that involve a structure occupied by people.
In this case the minimum mandatory sentence under HFO applicable to defendant was 10 years, while the minimum mandatory sentence under PRR that the trial court thought applicable to defendant was 15 years. Even though a sentence of 15 years under HFO was legally possible, we have no way of knowing whether the trial court imposed the 15 year sentence because it was the mandated minimum sentence under PRR. We therefore remand for resentencing as a habitual felony offender.
STEVENSON and HAZOURI, JJ., concur